ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| MUNICIPIO AUTÓNOMO DE MAYAGÜEZ; MAYAGÜEZ ECONOMIC DEVELOPMENT<br><br>Recurridos<br><br>v.<br><br>EUGENIO GARCÍA JIMÉNEZ; EUGENIO GARCÍA JR & ASSOCIATES, LLC; PREMIER FINANCIAL AND INVESTMENT GROUP Y/O PREMIER; PREMIER INVESTMENT & FINANCIAL SERVICE GROUP, LLC; JOHN DOE; RICHARD ROE; MELODY POE; ASEGURADORA X; FIADORA Z; RWM CONSULTANTS, INC.; ROBERTO MEJILL TELLADO; ARNALDO JERÓNIMO IRIZARRY IRIZARRY; ALEJANDRO J. RIERA FERNÁNDEZ; ROBERTO SANTIAGO VELÁZQUEZ; U.A. UNITED ADVISORS CORPORATION; STEPHEN KIRKLAND; JOSEPH KIRKLAND; STEVE MINGER; TEGA HOLDINGS, LLC<br><br>Peticionarios | KLCE202500171 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: SJ201906533<br><br>Sobre: Sentencia Declaratoria, Acción Reivindicatoria, Enriquecimiento Injusto, Cobro de Dinero-Ordinario |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2025.

Compareció el Sr. Arnaldo Jerónimo Irizarry Irizarry (en adelante, "señor Irizarry Irizarry") y U.A. United Advisors Corporation (en conjunto, "demandados" o "peticionarios"), mediante recurso de *Certiorari* presentado el 18 de febrero de 2025.

---

[1] Mediante la Orden Administrativa DJ 2024-062C emitida el 6 de mayo de 2025, se enmendó la constitución de los paneles del Tribunal de Apelaciones.

Número Identificador
RES2025_____

Nos solicitó la revocación de la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "foro primario"), el 8 de noviembre de 2024 y notificada en igual fecha. En ese dictamen, el foro primario denegó la toma de deposición a la Sr. Yahaira Valentín Andrade (en adelante, "señora Valentín Andrade").

Por los fundamentos que expondremos a continuación, **se desestima** el auto de *Certiorari*.

**-I-**

El 12 de abril de 2021, el Municipio Autónomo de Mayagüez y Mayagüez Economic Devolopment, Inc. (en adelante, "Municipio de Mayaguez" o "recurridos") presentaron su *Segunda Demanda Enmendada* sobre sentencia declaratoria, acción reinvindicatoria de bienes muebles, incumplimiento de contrato, cobro de dinero y daños y perjuicios contra los demandados.[2] En síntesis, alegaron que los demandados participaron en un esquema de fraude al transferir fondos públicos municipales a otras entidades, corporaciones e individuos sin la autorización del Municipio de Mayagüez. Por tanto, entre otros asuntos, reclamaron la devolución de los nueve millones de dólares ($9,000,000.00) de fondos públicos municipales, así como los intereses que devengaron.

Posteriormente, el 19 de julio de 2023, el señor Irizarry Irizarry presentó su *Contestación a Demanda Enmendada* en la cual negó haber participado en un esquema de fraude en contra del Municipio de Mayagüez.[3]

Luego de varios trámites procesales, el 4 de octubre de 2024, los demandados llevaron a cabo una toma de deposición a la Sra. Pura Beatriz Vicenty Pagán, Presidenta de la Legislatura Municipal de

---

[2] Apéndice de los peticionarios, anejo II, págs. 23-63.
[3] *Íd.,* anejo III, págs. 64-70.

Mayagüez (en adelante, "señora Vicenty Pagán").[4] En lo aquí pertinente, la señora Vicenty Pagán declaró que, la señora Valentín Andrade como Directora de Finanzas del Municipio de Mayagüez, puede certificar el tracto de los fondos públicos municipales.[5]

A esos efectos, el 10 de octubre de 2024, los demandados presentaron *Notificación y Citación para Toma de Deposición.*[6] Solicitaron al foro primario que citara a la señora Valentín Andrade para que fuese depuesta en relación con sus conocimientos sobre la alegada recuperación de once millones de dólares ($11,000,000.00) por el Municipio de Mayagüez, debido a que ocupaba el puesto de Directora de Finanzas del referido municipio.

Así pues, el 15 de octubre de 2024, el foro primario emitió *Citación* dirigida a la señora Valentín Andrade, notificada el 18 de octubre de 2024.[7]

Ante esto, el 31 de octubre de 2024, la señora Valentín Andrade presentó *Moción objetando citación a deposición y reserva del derecho de no autoincriminarse amparado en la constitución de Puerto Rico y los Estados Unidos.*[8] En ese petitorio solicitó al foro primario que tomara conocimiento sobre el procedimiento criminal incoado en su contra. Señaló, además, que estaba siendo procesada penalmente por hechos que pretenden ser materia de discusión en la deposición. Por lo cual, objetó la toma de la deposición a su persona e invocó su derecho de no autoincriminarse.

En desacuerdo, el 4 de noviembre de 2024, los demandados presentaron su *Moción en Oposición a "Moción objetando citación a deposición y reserva del derecho de no autoincriminarse amparado en la constitución de Puerto Rico y los Estados Unidos".*[9] Alegaron que la

---

[4] *Íd.*, anejo VI, págs. 242-340.
[5] *Íd.,* anejo VI, págs. 323-324.
[6] *Íd.,* anejo VII, págs. 341-343.
[7] *Íd.,* anejo XIII, págs. 344-346.
[8] *Íd.,* anejo IX, págs. 347-350.
[9] *Íd.,* anejo X, págs. 351-353.

señora Valentín Andrade invocó prematuramente la protección constitucional, debido a que la deposición iba dirigida al tema exclusivo de los fondos recibido por el Municipio de Mayagüez y su labor como Directora de Finanzas. Además, enfatizaron que solo se interrogaría respecto a las transacciones relacionadas con los referidos fondos y negaron que la deposición se relacionaría con sus acusaciones penales.

Asimismo, el 7 de noviembre de 2024, la señora Valentín Andrade presentó su *Moción en réplica a oposición y reiterando objeción a citación a deposición y reserva del derecho de no autoincriminarse amparado en la constitución de Puerto Rico y los Estados Unidos.*[10] Sostuvo que no tiene intención de incumplir con las órdenes del foro primario y, por ello, invocó de manera oportuna su privilegio constitucional de no autoincriminarse. A su vez, alegó que la parte que pretende tomar deposición —es decir, el señor Irizarry Irizarry— será un testigo de cargo en su contra en el juicio penal que enfrentará próximamente. Además, argumentó que, tanto la citación como la notificación de la toma de deposición, se realizaron en clara contravención a las disposiciones de la Regla 27.2 y la Regla 40.3 de Procedimiento Civil, 32 LPRA Ap. V.

En igual fecha, los demandados presentaron una *Breve Dúplica a "Moción en réplica a oposición y reiterando objeción a citación a deposición y reserva del derecho de no autoincriminarse amparado en la constitución de Puerto Rico y los Estados Unidos"*.[11] Alegaron que conforme a la normativa de *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021), las deposiciones deben llevarse a cabo incluso cuando se alega la existencia de un privilegio. Por tanto, señalaron que el hecho de que la señora Valentín Andrade sea parte de un

---

[10] *Íd.,* anejo XI, págs. 354-359.
[11] *Íd.,* anejo XII, págs. 360-361.

proceso criminal no constituye un impedimento para la toma de su deposición.

Así las cosas, el 8 de noviembre de 2024, el foro primario emitió y notificó *Resolución Interlocutoria* declaró ha lugar la objeción a la toma de deposición de la señora Valentín Andrade.[12] En particular, dispuso como sigue:

> Ha lugar.
> No se permite toma de deposición a la Sra. Yahaira Valentín Andrade ya que no fue citada conforme a la Regla 40.3 de Procedimiento Civil, según enmendada, en el término de 20 días antes de la fecha a ser depuesta e invocó su protección constitucional a la no autoincriminación.[13]

El 20 de noviembre de 2024, los demandados instaron *Moción en Solicitud de Reconsideración.*[14] Reiteraron que la toma de deposición tenía la finalidad de descubrir si el Municipio de Mayagüez recobró el dinero relacionado a las casas de corretaje y los seguros. Debido a que a la señora Valentín Andrade, era la Directora de Finanzas del Municipio de Mayagüez, era la persona adecuada para responder sobre tal asunto. Es decir, señalaron que la deposición no se relacionaba a los cargos criminales instados en su contra.

En consecuencia, el 30 de diciembre de 2024, la señora Valentín Andrade instó su *Moción Informativa Expresando Justa Causa por Dilación y Oposición a Reconsideración.*[15] Reafirmó que se encuentra ante una causa penal en etapa de juicio —en el cual el señor Irrizary Irrizary es un testigo de cargo— por la misma materia que se le pretende deponer. En especificó, alegó que la deposición incide directamente sobre la conducta y funciones de su cargo, como Directora de Finanzas del Municipio de Mayagüez, por el cual se presentaron acusaciones en su contra. Además, alegó que no recibió notificación de la toma de deposición en conformidad con la Regla 27.7de Procedimiento Civil, 32 LPRA Ap. V, R. 27.2. Por ello, reiteró

---

[12] *Íd.,* anejo XIII y XIV, págs. 362-364.
[13] *Íd.,* pág. 362.
[14] *Íd.,* anejo XV, págs. 365-368.
[15] *Íd.,* anejo XX, págs. 377-380.

su oposición a la toma de deposición e invocó nuevamente su protección constitucional a la no autoincriminación.

Posteriormente, el foro primario emitió, el 16 de enero de 2025 y notificada al día siguiente, *Resolución Reconsideración* mediante la cual declaró no ha lugar la referida solicitud de reconsideración.[16]

Aun inconforme con lo anteriormente resuelto, el 18 de febrero de 2025, los demandados acudieron ante este Tribunal mediante el recurso de epígrafe en el cual señalaron el error siguiente:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Mayagüez al denegar la toma de deposición de la Directora de Finanzas del Municipio demandante, aquí recurrido, fundamentando su decisión en la invocación genérica del privilegio contra la autoincriminación, sin evaluar si la información solicitada guardaba relación alguna con el proceso penal en su contra. La negativa del Tribunal impide esclarecer la recuperación de once millones de dólares, cuya reclamación constituye el objeto del presente litigio de cobro de dinero ordinario, y restringe indebidamente el acceso a prueba esencial, en momentos del debido proceso de ley y el principio de transparencia en la gestión pública.

Por su parte, el 21 de febrero de 2025, el Municipio de Mayagüez presentó su *Oposición a Expedición de Petición de Certiorari.*

Así las cosas, el 2 de abril de 2025, emitimos *Resolución* en la cual ordenamos a la señora Valentín Andrade a presentar su oposición al recurso de epígrafe.

Tras la concesión de un término adicional, el 21 de mayo de 2025, la señora Valentín Andrade presentó su *Escrito en cumplimiento de orden en oposición a expedir el Certiorari.* Alegó que no formaba parte del caso de epígrafe, no obstante, había solicitado intervenir ante el foro primario para objetar la citación cursada en su contra para la toma de deposición. Lo anterior, debido a que enfrentaba actualmente un proceso criminal en etapa de juicio por hechos íntimamente relacionados al caso de epígrafe. Razón por la cual, argumentó que le cobijaban todas las garantías constitucionales, entre ellas, su derecho a la no autoincriminación. Además, informó

---

[16] *Íd.*, anexo XXI y XXII, págs. 381-383.

que, el 4 de abril de 2025, renunció a su puesto de Directora de Finanzas en el Municipio de Mayagüez.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Academicidad**

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 68 (2017). Así pues, se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) *hechos posteriores al comienzo del pleito han tornado la controversia en académica*; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro.

*Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021) (énfasis en el original).

Como se observa, la doctrina de academicidad es una de las instancias de las justiciabilidad. *Íd.* Se considera que un caso es académico cuando se intenta obtener: (i) un fallo sobre una controversia disfrazada, que en realidad no existe, (ii) una determinación de un derecho antes de que éste haya sido reclamado o (iii) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Íd.,* pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la controversia deja de estar viva y presente. *Díaz Díaz v. Asoc. Res. Quintas San Luis,* 196 DPR 573, 578 (2016). Como norma general,

cuando la controversia se torna académica en etapa apelativa, los foros revisores estamos obligados a: (1) desestimar el recurso ante nuestra consideración, (2) dejar sin efecto el dictamen del foro primario y (3) devolver el caso al foro primario con instrucciones de que se desestime la demanda. *Íd.*

Cónsono con lo anterior, la Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción por tornarse académico. De esa forma, si al hacer el análisis, el tribunal concluye que la controversia es académica y no restan otros asuntos ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Super Asphalt v. AFI y otro*, supra, pág. 816; *Díaz Díaz v. Asoc. Res. Quintas San Luis*, supra, pág. 578.

Ahora bien, existen excepciones a la doctrina de academicidad que permiten la consideración de un caso que de otro modo sería académico, a saber:

> (1) cuando se plantea una *cuestión recurrente* que, por su naturaleza, se hace muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido cambiada por el demandado pero no tiene visos de permanencia; (3) cuando las controversias aparentemente son académicas, pero que en realidad no lo son por sus *consecuencias colaterales*; y (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma.

*RBR Const., SE v. AC,* 149 DPR 836, 846 (1999) (énfasis en el original).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para disponer del recurso de autos.

**-III-**

En el caso de autos, los peticionarios alegaron que el foro primario incidió al denegar la toma de deposición a la señora Valentín Andrade bajo el fundamento del privilegio contra la

autoincriminación, toda vez que la deposición no guarda relación con el proceso penal incoado en su contra.

Por su parte, el Municipio de Mayagüez argumentó que el recurso de epígrafe no cumplió con la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V., en la medida que la resolución recurrida no es una moción de carácter dispositivo. Señaló, además, que no está presente ninguno de los criterios requeridos por la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

De otro lado, la señora Valentín Andrade alegó que no procede la toma de deposición por las razones siguientes: (1) la existencia de su derecho a la no autoincriminación debido a que enfrenta un proceso criminal en etapa de juicio por hechos relacionados al caso de autos y (2) renunció a su puesto de Directora de Finanzas en el Municipio de Mayagüez.

Tras examinar la totalidad del expediente de autos, resulta evidente que ocurrieron cambios facticos que tornaron ficticia la controversia ante nuestra consideración. Nos explicamos.

Surge del expediente que, los peticionarios alegaron que la deposición iba dirigida expresamente a la señora Valentín Andrade por su cualidad de Directora de Finanzas en el Municipio de Mayagüez. Específicamente, señalaron que la finalidad para deponer a la señora Valentín Andrade era para auscultar su conocimiento sobre los fondos públicos municipales en controversia y las transacciones financieras del Municipio de Mayagüez, debido a su puesto de Directora de Finanzas del referido municipio. Nótese, pues, el sin número de veces que reiteraron lo anterior:

> [...] sostenemos respetuosamente que la Directora de Finanzas ha invocado prematuramente el privilegio contra la autoincriminación, dado que las preguntas a formularse versarán exclusivamente sobre su labor como Directora de Finanzas en relación con los fondos recibidos como resultado de acuerdos con casas de corretaje y aseguradoras, conforme a lo declarado bajo juramento por la Presidenta de la Legislatura, la Sra. Vicenty.[17]

---

[17] Apéndice de los peticionarios, anejo X, págs. 352.

La deposición en cuestión no se dirige en modo alguno a posibles acusaciones penales de ninguna índole. Únicamente se interrogará respecto a los fondos derivados de las mencionadas transacciones y su destino. Además, la Sra. Valentín, como Directora de Finanzas en funciones de la parte demandante, es la persona indicada para responder sobre dichos aspectos.[18]

.	.	.	.	.	.	.	.

[...] la evidencia que buscamos obtener está relacionada con si el Municipio de Mayagüez recuperó el dinero que en esta demanda reclama como resultado de acuerdos con casas de corretaje y aseguradoras, según lo declarado bajo juramento por la Presidenta de la Legislatura, Sra. Vicenty. Además, explicamos que, como Directora de Finanzas en funciones, la Sra. Valentín es la persona adecuada para responder sobre este asunto.[19]

[...]

La deposición de la Directora de Finanzas busca confirmar si el Municipio efectivamente recibió el dinero proveniente de dichos acuerdos, el monto obtenido y el paradero de esos fondos. Este asunto es altamente relevante porque demostraría que el Municipio ya recuperó el dinero que ahora intenta cobrar a través de esta demanda.[20]

**La deposición está dirigida a la Sra. Valentín exclusivamente en su capacidad profesional como Directora de Finanzas. De ser otra persona quien ocupara ese puesto, la deposición se dirigiría a ella.** Por tanto, se le requiere únicamente para que responda sobre hechos profesionales, sin conexión con los asuntos personales o penales que enfrenta.[21]

.	.	.	.	.	.	.	.

Respetuosamente entendemos que, la materia por la que será depuesta la Sra. Valentín no tiene que ver en absoluto con la acusación que se le está realizando por parte del FEI. Por el contrario, la deposición va dirigida única y específicamente a descubrir si el municipio recobró o no el dinero alegadamente defraudado. Además, **se le depone a la Sra. Valentín por ser ésta la Directora de Finanzas <u>actualmente</u> en propiedad. Repetimos, si fuese otro individuo el Director de Finanzas, sería a esta persona que se le estaría deponiendo en lugar de la Sra. Valentín.**[22]

En otras palabras, la información que los peticionarios desean descubrir a través de la deposición en cuestión, está atada a las funciones del puesto de Director de Finanzas del municipio, no a la persona que ocupa el puesto. Los peticionarios fueron muy claros al

---

[18] *Íd.*
[19] *Íd.*, anejo XV, págs. 365-366.
[20] *Íd.,* anejo XV, pág. 365.
[21] *Íd.* (Énfasis suplido).
[22] *Íd.*, anejo XV, págs. 367-368 (énfasis suplido).

sostener ante el foro de instancia, así como ante este Tribunal de Apelaciones, que si fuese otro individuo el que ocupara el puesto de Director de Finanzas, hubiesen solicitado deponer a ese otro individuo.

Así las cosas, en la medida que la señora Valentín Andrade ya no ocupa el puesto de Directora de Finanzas del Municipio de Mayagüez, las controversias planteadas en el recurso de autos en cuanto a su deposición se tornaron académicas. De así entenderlo necesario los peticionarios podrán descubrir la información que solicitan deponiendo a la persona que actualmente ocupe el puesto de Director de Finanzas del Municipio de Mayagüez.

Por tanto, conforme a la normativa que expusimos previamente, una vez determinamos que el recurso es académico, debemos de abstenernos de considerarlo en sus méritos.

No obstante, hacemos constar que luego del caso estar sometido ante nuestra consideración, el 23 de junio de 2025, los peticionarios presentaron *Moción Informativa y en solicitud de [que se] tome conocimiento judicial*. Mediante esta, nos informaron que, el 10 de junio de 2025, la señora Valentín Andrade se declaró culpable en el proceso penal incoado en su contra. Alegaron que, en la medida que ya no existía el privilegio contra la autoincriminación, la señora Valentín Andrade era la persona idónea y necesaria para testificar en la deposición. Nos parece meridianamente claro que los peticionarios pretenden cambiar la teoría que han argumentado, tanto ante el foro primario como ante esta Curia, mediante una moción. Por lo cual, sus argumentos ni nos persuaden ni cambian nuestra conclusión.

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** el auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones